IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY HARRIS, individually, and
as a member of GOURMET SEED
INTERNATIONAL, LLC, et al.,

       Plaintiffs,

v.                                                                      CIV 07-0181 JC/KBM

MICHAEL DEAN and DUSTY DEAN,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on Plaintiffs' Motion to Remand *(Doc. 12)*. Under Tenth Circuit precedent, a Magistrate Judge has the authority only to recommend that a case be remanded to state court because the remand order is considered a dispositive ruling. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) ("While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations."). Having considered the arguments, pleadings and relevant law, the Court finds the motion to be not well taken and recommends it be denied.

       Plaintiffs filed suit in Fifth Judicial District Court of Lea County, New Mexico seeking specific performance and injunctive relief as to an alleged contract for sale of the assets of "Harvest Moon Farms & Seed Company." Defendants filed a notice of removal to federal court

on the basis of diversity of citizenship. Plaintiffs concede that there are no procedural defects regarding the removal, but insist that the amount in controversy requirement is not satisfied.

The controverted affidavit of Defendant Dusty Dean, however, establishes that if the presiding judge grants the injunctive relief sought by Plaintiffs, Mrs. Dean would be required "to turn over to Plaintiffs all assets of her Harvest Moon seed business, including her right to continue to use the 'Harvest Moon' trade name, and preclude her from engaging in the seed business for the next several months, [and] has and will result in business losses to Mrs. Dean of a value in excess of $75,000, exclusive of interest, costs and attorney's fees." *Doc. 11* at 4.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). "The impact on the defendant, including the cost of the injunction, is a proper element for consideration." *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155 (10th Cir.1979); *Ronzio v. Denver Rio Grande Western Railroad Co.*, 116 F.2d 604, 606 (10th Cir.1940). Therefore, it would appear that the uncontradicted allegations set forth in Mrs. Dean's affidavit suffice.

Plaintiffs contend that because injunctive relief in this case, unlike that in the *Oklahoma Retail Grocers Ass'n* and *Ronzio* cases cited above, would not be pursuant to a regulatory scheme, the amount in controversy requirement can not be met. Without any citation to authority, Plaintiffs argue that "Defendants cannot logically claim that they will be damaged by the relief requested in Count I of Plaintiffs' Complaint, that Defendants specifically perform their contractual obligations. Contractual obligations voluntarily assumed in exchange for valuable consideration cannot be considered damages." *Doc. 12-2* at 2. My own research has found no

authority for this proposition,[1] and the cases cited by Plaintiff make no such distinction.

In *Ronzio*, the Tenth Circuit broadly advised that courts should "look to the object sought to be accomplished by the plaintiff's complaint:  the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Ronzio v. Denver & Rio Grande Western Railroad Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  I am satisfied that Defendants have met their burden to demonstrate that this case meets the necessary amount in controversy to establish diversity jurisdiction.

Wherefore,

IT IS HEREBY RECOMMENDED that Plaintiffs' Motion to Remand *(Doc. 12)* be denied.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] One case specifically relying on *Rozio* made no such distinction.   *See Clifford v. Premier Housing, Inc.*, 2006 WL 2710338 (D. Kan. 2006) (pecuniary effect of an adverse declaration would result in plaintiff being personally responsible for a contract to purchase a $165,840 home).